UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES RAY KEYS                              CIVIL ACTION

VERSUS                                        NUMBER: 11-2674

MARLIN GUSMAN, ET AL.                         SECTION: "H"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Charles Ray Keyes, against defendant, Orleans Parish Sheriff Marlin N. Gusman. (Rec. doc. 1).[1]/ Plaintiff, an inmate of the Orleans Parish Prison at the time that suit was filed, complained of a lack of access to legal materials, educational opportunities, and free legal mail for indigent prisoners at that penal facility. (Id.).

In due course, after issue had been joined, by order dated March 14, 2012 ("Briefing Order"), plaintiff was directed to file

---

[1]/ Although plaintiff inserts the Latin phrase "et al." behind the Sheriff's name in both the caption and body of his complaint, no other defendants are specifically identified in the pleading. (Rec. doc. 1, pp. 1, 3).

in the record of this proceeding, on or before April 13, 2012, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 8). A copy of that order was mailed to plaintiff at his address of record and has not been returned as undeliverable. As of today's date, plaintiff has not provided the Court with the information requested in the Briefing Order. Thereafter, an order that was issued by the District Judge that was mailed to plaintiff at his address of record was subsequently returned to the Court as undeliverable on May 31, 2012 with a notation thereon that he had "ROLL[ED] OUT". (Rec. doc. 11). It has now been thirty-five days since that piece of mail was returned to the Court as undeliverable and no address correction has been made by plaintiff.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current .... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules

impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, 2007 WL 1852026 (E.D. la. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[2]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fourth page of which states that "I

---

[2]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

3

understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 4). Plaintiff has also failed to provide the Court with the information required by the Briefing Order. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  5th  day of ___July___,
2012.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE